PER CURIAM.
T.T., a juvenile, arguing that the trial court failed to schedule and conduct an indirect criminal contempt hearing within 24 hours as required by statute, seeks from this court a writ of habeas corpus. We grant his petition.
On April 12, 2006, T.T. was arrested on battery charges. On May 4, 2006, T.T. pled not guilty at arraignment. On that same date, the trial court placed T.T. in the custody of a parent or guardian and issued an order that among other things, required the child to observe the curfew set by his parent or guardian. The court then scheduled an adjudicatory hearing for June 20, 2006.
At the June 20, 2006 adjudicatory hearing T.T. was found guilty of battery. At the same time, T.T.’s mother alleged that T.T. had violated his curfew two days ear- *615 Her. Consequently, the court issued an order to show cause for violation of the behavior order and set a hearing for indirect contempt of court for July 3, 2006, the same date for the scheduled disposition hearing. The court also ordered that T.T. be held in secure detention pending the indirect contempt of court hearing.
In the instant petition, filed in this court on June 29, 2006, T.T. argues that the trial court has violated his statutory and due process rights by failing to schedule and conduct an indirect criminal contempt hearing within 24 hours, as required by section 985.216(4)(b), Florida Statutes (2005) and placing him in secure detention pending the indirect contempt hearing. We agree.
Section 985.216(4)(b) states in pertinent part: “If a child is charged with indirect contempt of court, the court must hold a hearing within 24 hours to determine whether the child committed indirect contempt of a valid court order.” (Emphasis added.) Further, according to section 985.216(2)(a), “A delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility not to exceed 5 days for a first offense and not to exceed 15 days for a second or subsequent offense.” In the instant case, as of the date of the filing of the petition, no contempt hearing has been conducted, but T.T. has already been held for nine days, which exceeds the five days for a first offense under section 985.216(2)(a).
Accordingly, we grant the petition and order that T.T. be released from secure detention immediately.
PETITION GRANTED.
THOMPSON, ORFINGER and MONACO, JJ., concur.